# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEN VENT,<br><br>                                Plaintiff,<br>v.<br><br>NATHAN FLETCHER, et al.,<br><br>                               Defendants. | Case No.: 3:22-cv-01651-RBM-DDL<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**[Doc. 1]** |

## BACKGROUND

On October 24, 2022, Plaintiff Kristen Vent ("Plaintiff"), proceeding pro se, filed a complaint against various officials for the County of San Diego ("County") in their official capacities, including: (i) Nathan Fletcher, Chairman of the Board of Supervisors ("Board"); (ii) Nora Vargas, Vice Chair of the Board; (iii) Terra Lawson-Remer, Supervisor of District 3; (iv) Jim Desmond, Supervisor of District 5; (v) Joel Anderson, Supervisor of District 2; (vi) Cynthia Paes, Registrar of Voters; and (vii) Michael Vu, former Registrar of Voters (collectively "Defendants"). (Doc. 1.) The complaint is styled as a "Petition for Injunctive Relief," and includes within it a request for a temporary restraining order ("TRO") prohibiting Defendants "from both destroying the November 2020 election dat[a] as scheduled 22 months after the election . . . and from using electronic voting machines until

a thorough investigation of the software and its Trapdoor vulnerabilities can be undertaken." (*Id.* at 6, ¶ 11; 74-75 ¶ (b)(1)-(3).)[1] Plaintiff alleges she is a resident and registered voter of San Diego County. (*Id.* at 3.) Although the complaint generally cites to the California Constitution, California Code of Regulations, and the various sections of the California Elections Code, the complaint alleges three causes of action under 42 U.S.C. § 1983, including: (1) denial of equal protection under the Fourteenth Amendment of the U.S. Constitution; (2) denial of due process under the Fourteenth Amendment of the U.S. Constitution; and (3) violation of the Guarantee Clause, Article IV, § 4 of the U.S. Constitution. (*Id.* at 66-74, ¶¶ 18-36.)

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 65, the court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparably injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b).

Even if such notice is provided, a TRO may issue only if the movant meets their burden. The legal standard for a TRO is substantially identical to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable

---

[1] The caption of the complaint originally stated "TRO Requested" but such text was stricken in ink and initialed with Plaintiff's initials "KV." It is unclear whether this act was intended to strike the TRO request throughout the entirety of the complaint. However, in liberally construing the pro se filing, the Court will rule upon the TRO request.

harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.  The Ninth Circuit evaluates the likelihood of success on a "sliding scale." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).  Issuance of a TRO or preliminary injunction may be warranted upon a showing of "serious questions going to the merits" as well as "a hardship balance that tips sharply toward the plaintiff," so long as the plaintiff is likely to suffer irreparable harm and the injunction and a restraining order is in the public interest.  *Id.*

## DISCUSSION

Nothing in the record indicates Plaintiff has effectuated service of the summonses and complaint upon each Defendant.  Defendants have not appeared in this action to date.  In any event, the entirety of the complaint and/or TRO lacks any allegation as to why notice should not be required for the TRO.  As such, Plaintiff fails to meet the Rule 65(b) requirements for granting a TRO without notice.

Assuming *arguendo* Defendants have notice of the TRO, the TRO fails because Plaintiff has not demonstrated a likelihood of success on the merits.  The first and second causes of action for denial of equal protection and due process appear to fail for lack of standing because Plaintiff has only asserted generalized grievances relating to the 2020 and 2022 elections. *See Pirtle v. Nago*, No. 22-00381-JMS-WRP, 2022 WL 3915570, *3-4 (D. Haw. Aug. 31, 2022) (denying pro se TRO challenging method of conducting 2020 election and planned 2022 election for failure to meet standing requirements); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992) (federal courts may only exercise judicial power over "cases" and "controversies").  The third cause of action for violation of the Guarantee Clause also fails. *See Pirtle*, 2022 WL 3915570 at *3 (denying pro se TRO challenging method of election because Guarantee Clause does not form the basis of a justiciable claim).  Article IV, Section 4 provides that "[t]he United States shall guarantee to every State in this Union a Republican Form of Government[.]"  U.S. CONST. art. IV, § 4.  But the Supreme Court has concluded "the Guarantee Clause does not provide the basis for a justiciable claim." *Rucho v. Common Cause*, 139 S. Ct. 2484, 2506 (2019).  Since Plaintiff

has not demonstrated a likelihood of success on the merits, the Court need not consider the remaining three *Winter* factors. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (citation omitted).

Therefore, Plaintiff's motion for temporary restraining order (Doc. 1) is **DENIED**.

**IT IS SO ORDERED.**

DATE: October 28, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE