**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTIN VENT,<br><br>           Plaintiff,<br><br>v.<br><br>NATHAN FLETCHER, NORA VARGAS, TERRA LAWSON REMER, JIM DESMOND, JOEL ANDERSON, CYNTHIA PAES, MICHAEL VU,<br><br>           Defendants. | Case No.: 3:22-cv-01651-RBM-DDL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**[Doc. 5]** |

Currently before the Court is a motion to dismiss filed by Defendants Nathan Fletcher, Nora Vargas, Terra Lawson-Remer, Jim Desmond, Joel Anderson, Cynthia Paes, and Michael Vu ("Defendants"). (Doc. 5.) Plaintiff Kristin Vent ("Plaintiff"), appearing pro se, filed a response in opposition to the motion to dismiss (Doc. 8), and Defendants filed a reply (Doc. 12). The Court finds the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, Defendants' motion to dismiss is granted.

1

## I.  BACKGROUND

Plaintiff is a resident and registered voter of San Diego County, California. (Doc. 1 ("Compl.") at 3.) Plaintiff filed the instant suit against Defendants on October 24, 2022, styling her Complaint as a "Petition for Injunctive Relief (Election Matter)." (*Id.* at 1.) Defendants Fletcher, Vargas, Lawson-Remer, Desmond, and Anderson are members of the San Diego County Board of Supervisors, and Defendants Paes and Vu are employed by the San Diego Registrar of Voters. (*Id.*)

Plaintiff alleges she filed suit to "preserve the integrity of the elections for the County of San Diego and the voting systems and machines purchased and used during the November 3, 2020 election, the June 7, 2022 election, and the upcoming Nov[ember] 8, 2022 election." (*Id.* at 1–2.) She alleges "[t]he methods by which local, state, and Federal elections" are conducted in the County of San Diego "cannot be proven to provide the fair elections guaranteed" by the Fourteenth Amendment to the United States Constitution. (*Id.* at 4 ¶ 1.) Plaintiff alleges a "cryptographic security risk" called "a Trapdoor mechanism" is "inherent in all voting machines." (*Id.* at 6 ¶ 13.) The Trapdoor mechanism "makes the output of votes shown in reported election results impossible to reconcile with the ballot inputs, by design" and accordingly makes it impossible to determine if an individual's vote is "counted accurately." (*See id.* at 5 ¶ 9, 6 ¶ 13, 11 ¶ 31.) Plaintiff alleges state and federal officials "have not taken seriously" the security risks "inherent" in voting machines, and that such elected officials "have failed to function within Congressionally passed parameters of law." (*Id.* at 7 ¶ 15.)

The Complaint alleges three counts under 42 U.S.C. § 1983: (1) a denial of equal protection in violation of the Fourteenth Amendment to the U.S. Constitution; (2) a denial of due process in violation of the Fourteenth Amendment; and (3) a violation of the Guarantee Clause, Article IV, § 4 of the U.S. Constitution. (*Id.* at 66–75.) Plaintiff seeks an injunction requiring Defendants to retain all November 2020 election data and machines until Defendants "can prove beyond a reasonable doubt that the voting machines" do not contain the "Trapdoor mechanism." (*Id.* at 74–75.) Plaintiff also seeks an order (i)

decertifying the November 2020 election results and (ii) requiring the state of California and the County of San Diego "to immediately stop the use of any electronic election machines and to configure elections to be held exclusively with same day in person voting" via "hand-counted paper ballots." (*Id*. at 70, 72, 75.)

## II.   LEGAL STANDARD

### A. Rule 12(b)(1)

Federal courts are courts of limited jurisdiction without general subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action where the court lacks subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Plaintiff bears the burden of establishing subject matter jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. "If the defendant brings a facial attack, a district court must assume that the factual allegations in the complaint are true and construe them in the light most favorable to the plaintiff." *Li v. Chertoff*, 482 F. Supp. 2d 1172, 1175 (S.D. Cal. 2007) (citations omitted). If the defendant brings a factual attack, however, the Court need not presume the truthfulness of plaintiff's allegations. *Id*. In such a case, the district court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air*, 373 F.3d at 1039.

### B. Rule 12(b)(6)

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED.

R. CIV. P. 12(b)(6). At the motion to dismiss stage, all material factual allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). "A complaint should not be dismissed unless a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citation omitted).

To avoid dismissal under Rule 12(b)(6), a complaint need not contain detailed factual allegations; rather, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

When a motion to dismiss is granted, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

### III. DISCUSSION

Defendants argue Plaintiff's claims should be dismissed because: (i) Plaintiff alleges a generalized grievance and lacks standing; (ii) her claims are barred by the doctrine of laches; (iii) to the extent Plaintiff's claims were viable, such claims are now moot; and (iv) Plaintiff fails to state claim under the Guarantee Clause. (*See* Doc. 5 at 13–19.) Because

4

the Court finds Plaintiff lacks standing to pursue her claims, the Court need not consider Defendants' other arguments.

Under Article III of the United States Constitution, federal courts may exercise judicial power only if a "case" or "controversy" exists. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) ("the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III") (citation omitted). To satisfy Article III's standing requirements, a plaintiff must show: "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan*, 504 U.S. at 560–61). The party invoking federal jurisdiction bears the burden of establishing each of these elements. *See Lujan*, 504 U.S. at 561 (citations omitted).

Injury in fact is "the '[f]irst and foremost' of standing's three elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338–39 (2016), *as revised* (May 24, 2016) (quoting *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 103 (1998)). "For an injury to be 'particularized,' it must affect the plaintiff in a personal and individual way." *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560, n. 1); *see also Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 99 (1979) ("the plaintiff must show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant"). The plaintiff must also show that the injury is concrete or "'de facto; that is, it must actually exist." *Spokeo*, 578 U.S. at 340. The Supreme Court has consistently held that "a grievance that amounts to nothing more than an abstract and generalized harm to a citizen's interest in the proper application of the law does not count as an 'injury in fact.'" *Carney v. Adams*, 208 L. Ed. 2d 305, 141 S. Ct. 493, 498 (2020); *see also Lujan*, 504 U.S. at 573–75 ("a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws" is insufficient to

establish Article III case or controversy).  A generalized grievance, "no matter how sincere, is insufficient to confer standing." *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013).

      The Court finds Plaintiff lacks standing to pursue her claims in federal court because she cannot satisfy the injury in fact requirement.  Plaintiff has not shown her alleged injury affects her "in a personal and individual way." *Spokeo*, 578 U.S. at 339.  She contends several times in the Complaint that her alleged harm is suffered by all voters not only throughout California, but across the entire United States.  (*See, e.g.*, Compl. at 6 ¶ 10 ("California has deprived its voters of the capability of knowing that their vote was accurately counted"); *id*. at 6 ¶ 13 ("[a] cryptographic security risk [is] inherent in all voting machines"); *id*. at 7 ¶ 14 ("security deficiencies [are] plaguing all [election machines]," and such deficiencies are "ignored" by "local, state, and federal" officials"); *id*. at 11 ¶ 31 ("[a]ll voting systems in use in the United States, now and in 2020, are subject to tampering through a Trapdoor mechanism inherent in all election systems"); *id*. at 64 ¶ 17 ("Any eligible voter who cannot prove their vote was counted as cast, is an aggrieved party. Every eligible voter is owed proper due process").)  The Complaint contains no allegation of any injury particular to Plaintiff.  Plaintiff's allegations amount only to "a generally available grievance about government" which she claims is suffered by all voters in California and across the United States.  Such generalized grievances are insufficient to establish standing under Article III.

      Nor has Plaintiff shown her alleged injury is concrete, as she admits it is impossible to prove if the "Trapdoor mechanism" was used in any election.  (*See, e.g., id*. at 5 ¶ 9 ("[v]oting through the machines does not guarantee that one's vote is counted accurately due to the potential use of the 'Trapdoor' mechanism"); *id*. at 8 ¶ 20 ("nearly impossible" to "prove that a vote was legally counted" across "[a]ll" electronic voting machines); *id*. at 8 ¶ 21 ("high probability of votes being altered"); *id*. at 14 ¶¶ 34–35 ("Trapdoor mechanism" makes it "impossible to prove that the election was fair" and "also impossible to prove that the election was unfair"); *id*. at 17 ¶ 4 ("election results were and will be subject and vulnerable to modification").)  Plaintiff also fails to allege a concrete injury

because while she claims she is a registered voter in San Diego County, Plaintiff does not specifically allege she cast a ballot in any of the three elections challenged in the Complaint.

Other courts have similarly rejected election-based claims, like those alleged here, for lack of Article III standing. *See, e.g.*, *Wood v. Raffensperger*, 981 F.3d 1307, 1313–16 (11th Cir. 2020) (affirming district court's denial of voter-plaintiff's motion for temporary restraining order for lack of standing; "All Americans, whether they voted in this election or whether they reside in Georgia, could be said to share Wood's interest in" proper election administration); *Nguyen v. United States*, No. 20-CV-08755-NC, 2022 WL 822435, at *1–2 (N.D. Cal. Jan. 11, 2022) (plaintiff lacked standing to bring claims premised on government's failure to conduct recount of ballots cast during 2020 presidential election). At least five other cases challenging the "Trapdoor mechanism" Plaintiff challenges here have been dismissed by district courts in this Circuit for lack of standing. *See Pirtle v. Nago*, No. CV 22-00381 JMS-WRP, 2022 WL 17082168, at *4 (D. Haw. Nov. 18, 2022); *Maria v. Weber*, No. 222CV05105MCSGJS, 2023 WL 2725954, at *1 (C.D. Cal. Mar. 29, 2023); *Cinquanta v. Weber*, No. 222CV05383MCSGJS, 2023 WL 2725956, at *1 (C.D. Cal. Mar. 29, 2023); *Cinquanta v. Bd. of Supervisors of Cnty. of Los Angeles*, No. 222CV05645MCSGJS, 2023 WL 2725960, at *1 (C.D. Cal. Mar. 29, 2023); *Maria v. Bd. of Supervisors of Cnty. of Ventura*, No. 222CV05582MCSGJS, 2023 WL 2721455, at *1 (C.D. Cal. Mar. 29, 2023). In each, the Court denied plaintiff leave to amend on futility grounds.[1] The Court agrees with the results in these cases and reaches a similar result here.

## IV.   CONCLUSION

Because Plaintiff lacks standing to sue in federal court, Defendants' motion to

---

[1] As Defendants note in their motion to dismiss (Doc. 5 at 9, n.1), the allegations in each of these five cases appear nearly identical to the "Trapdoor mechanism" allegations Plaintiff brings here. All of the "Trapdoor mechanism" cases bring the same three claims for relief and rely heavily on the Declaration of Terpsehore P. Maras Plaintiff attached to her Complaint as Exhibit A. (*See* Doc. 1-2.)

7

1  dismiss is **GRANTED** for lack of subject matter jurisdiction. Having reviewed the
2  Complaint, Plaintiff's allegations contained therein, and the parties' briefing, the Court
3  finds leave to amend is not warranted because any amendment would be futile. *See*
4  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011)
5  (dismissal without leave to amend is proper when amendment would be futile); *Lopez*, 203
6  F.3d at 1129. Plaintiff's Complaint is accordingly **DISMISSED** without prejudice. *See*
7  *Barke v. Banks*, 25 F.4th 714, 721 (9th Cir. 2022) (citation omitted) (dismissal for lack of
8  Article III jurisdiction must be entered without prejudice because court is powerless to
9  reach merits). The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

DATE:  May 24, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE